# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ERNEST WASHINGTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CCA, BLAIR LEIBACH, and BOBBY AYLWARD, )<br>)<br>Defendants. ) | No. 3:13-cv-113<br><br>Judge Campbell |

## MEMORANDUM OPINION

Plaintiff Ernest Washington, proceeding *pro se*, brings this action under 42 U.S.C. § 1983 based on unspecified violations of his constitutional rights. The plaintiff is a state prisoner incarcerated at the Metro-Davidson County Detention Facility in Nashville, Tennessee. Because he is a prisoner who proceeds *in forma pauperis* against government officials, the complaint is before the Court for initial review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *reversed on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

### I. FACTUAL ALLEGATIONS

The plaintiff names as defendants CCA, which operates the facility where he is incarcerated, Warden Blair Leibach, and Bobby Aylward, the mailroom supervisor at the detention facility. Leibach and Aylward are named in both their official and individual capacities.

The plaintiff's claim against Bobby Aylward is based on Mr. Aylward's opening and reading a piece of outgoing mail the plaintiff dropped into the prison mailbox. The plaintiff does not allege that the mail in question was legal mail. He simply asserts that his mail was opened and inspected without his permission. The plaintiff does not address the prison regulation that governs the opening and inspection of inmates' outgoing mail. Instead, the plaintiff expresses frustration over the fact that Mr. Aylward is the person who responded to the plaintiff's initial grievance about this defendant's conduct. Further, the plaintiff expresses outrage over the fact that Aylward is working as the mailroom supervisor even though he is allegedly a previously convicted felon. The documentation attached to the plaintiff's complaint indicates that the plaintiff's grievances concerning this instance were rejected on the basis that the prison has in place a policy providing

that all outgoing correspondence is subject to being read, in part or in full, and searched for contraband before it is sent to the post office for delivery.

The plaintiff's claim against Warden Leibach individually is apparently based on the Warden's failure to respond to grievances about the plaintiff's outgoing mail having been opened. The plaintiff also purports to assert a claim against Warden Leibach and CCA based on the fact that Mr. Aylward is a previously convicted felon who, according to the plaintiff, has no business working in the prison mailroom. The plaintiff claims that having a convicted felon working in the mailroom violates his rights and those of other inmates.

## II.   STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a civil complaint filed *in forma pauperis*, or any portion thereof, to the extent that it (1) fails to state a claim upon which relief can be granted, or (2) is frivolous. Section 1915A(a) similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. ANALYSIS AND DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must "identify a right secured by the United States Constitution and deprivation of that right by a person acting under color of state law." *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *West v. Atkins*, 487 U.S. 42, 48 (1988). Both parts of this two-part test must be satisfied to support a claim under § 1983. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. The Plaintiff's Mail Claim

Construing the complaint liberally, the Court presumes that the plaintiff intends to assert that defendant Aylward's act of opening his outgoing mail violated the plaintiff's First Amendment right to free expression, and potentially that the prison's policy regarding the screening of outgoing mail is itself unconstitutional, either facially or as applied to him in this case.

It is well settled that convicted persons "do not forfeit all constitutional protections by reason of their conviction and confinement in prison." *Bell v. Wolfish*, 441 U.S. 520, 545 (1979). "Inmates clearly retain protections afforded by the First Amendment." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). These retained First Amendment rights include the right to send and receive mail. *Thongvanh v. Thalacker*, 17 F.3d 256, 258 (citing *Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Turner v. Safley*, 482 U.S. 78 (1987)). This right, however, must be balanced against the authority of prison officials to reasonably regulate and inspect a prisoner's mail for security purposes and to seize contraband. *Thornburgh*, 490 U.S. at 407; *Turner*, 428 U.S. at 89; *Wolff v. McDonnell*, 418 U.S. 539, 574–77 (1974); *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005).

The federal courts accord substantial deference to prison administrators to regulate prisoner mail where necessary to preserve important penological interests. *Thornburgh*, 490 U.S. at 407--08; *Harbin-Bey*, 420 F.3d at 578. The First Amendment right of prisoners to send and receive mail "must be exercised with due regard for the 'inordinately difficult undertaking' that is modern prison administration." *Thornburgh*, 490 U.S. at 407 (quoting *Turner*, 482 U.S. at 85). The standard regarding the regulation of prisoners' right to send mail, however, is less deferential to prison authorities than that pertaining to the regulation of incoming mail. *Thornburgh*, 490 U.S. at 413–14 (noting that "[t]he implications of outgoing correspondence for prison

security are of a categorically lesser magnitude than the implications of incoming materials"); *Martucci v. Johnson*, 944 F.2d 291, 295 (6th Cir. 1991) (citations omitted) (recognizing that a different standard applies to the evaluation of regulations governing outgoing mail than to regulations concerning incoming mail). Outgoing prisoner mail may be regulated, inspected, and censored by prison officials in accordance with regulations or practices that: (1) further an important or substantial governmental interest unrelated to the suppression of expression; and (2) extend no further than necessary or essential to the protection of the particular governmental interest involved. *Martucci*, 944 F.2d at 295–96. Under this standard, prison officials clearly have the authority to inspect and regulate outgoing prisoner mail concerning, for example, escape plans, plans related to ongoing criminal activity, encoded messages, and contraband. *Thornburgh*, 490 U.S. at 411–12; *Procunier v. Martinez*, 416 U.S. 396, 44 n.14 (1974), *overruled in part on other grounds by Thornburgh*, 490 U.S. at 413–14.

Here, construing the complaint generously, as is appropriate for a *pro se* complaint, and accepting as true the plaintiff's factual allegations, the Court finds that the plaintiff has stated a claim under § 1983 against Aylward in his individual capacity, based on Aylward's opening the plaintiff's outgoing mail, allegedly in the absence of a substantial justification to do so. The complaint also states a claim against CCA and against Warden Leibach in his official capacity on the basis that the regulation implemented by the detention facility governing the inspection of outgoing mail is unconstitutional, either facially or as applied.

The allegations in the complaint make it clear that Warden Leibach was not personally involved in the opening of the plaintiff's mail, however. Rather, the individual-capacity claim against Warden Leibach is based entirely on his denial of the plaintiff's grievances, which is generally insufficient to establish liability under § 1983. *See Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) ("The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). The complaint therefore fails to state a claim against Leibach in his individual capacity based on Aylward's opening of the plaintiff's mail.

### B. Aylward's Status as a Convicted Felon

The plaintiff does not identify any right that might have been infringed by the prison's employment of a previously convicted felon to work in the prison mailroom, nor do his allegations suggest that any

cognizable right might be implicated. All purported claims based on Aylward's status as a previously convicted felon are subject to dismissal as frivolous.

**IV.    CONCLUSION**

For the reasons set forth herein, the plaintiff may pursue his claim against Aylward in his individual capacity, Warden Leibach in his official capacity, and against CCA based on Aylward's opening of the plaintiff's outgoing mail, supposedly under the authority of a prison regulation permitting him to do so.

The plaintiff fails to state a claim based on Aylward's status as a previously convicted felon, and fails to state a claim against Warden Leibach in his individual capacity. This claims will be dismissed for failure to state a claim for which relief may be granted.

An appropriate order will enter.

Todd Campbell
United States District Judge