UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ERNEST WASHINGTON,            )
                             )
          Plaintiff          )
                             )        No. 3:13-0113
v.                           )        Judge Campbell/Brown
                             )        **Jury Demand**
CCA, BLAIR LEIBACH,          )
and BOBBY AYLWARD,           )
                             )
          Defendants         )

**TO: THE HONORABLE TODD J. CAMPBELL**

<u>**REPORT AND RECOMMENDATION**</u>

          For the reasons stated below the Magistrate Judge
recommends that this case be dismissed with prejudice for failure
to prosecute and to obey Court orders.

**BACKGROUND**

          The Plaintiff filed a complaint in this matter (Docket
Entry 1) on February 11, 2013. After a review of the complaint, a
memorandum (Docket Entry 4), and order (Docket Entry 5), allowed
the Plaintiff to proceed with his claim against Defendant Aylward
in his individual capacity, Warden Leibach in his official
capacity, and against CCA based on Aylward's opening of the
Plaintiff's outgoing mail.

          The Plaintiff's complaint, as summarized by Judge
Campbell (Docket Entry 4, p. 1-2), stated that the Plaintiff claim
against Aylward was based on Aylward's opening and reading a piece
of outgoing mail that the Plaintiff had placed in the prison

mailbox, and CCA had a policy of allowing all outgoing mail to be read before being sent to the post office for delivery. The complaint against Warden Leibach was based on his failure to respond to grievances the Plaintiff had filed about the outgoing mail being opened and to assert a claim against the Warden and CCA based on the facts that Aylward is a previously convicted felon who should not, according to the Plaintiff, be allowed to work in the mail room.

In the Court's order (Docket Entry 5) the case was referred to the undersigned for case management and a report and recommendation in a dispositive matter. The Plaintiff was directed to return service packets for each of the Defendants against whom the claims are to proceed. In this order the Plaintiff was specifically "forewarned that his prosecutions of this action will be jeopardized if he fails to keep the Clerk's office informed of his current address."

Plaintiff did return service packets and service of process was issued to the three Defendants named in the complaint. The Plaintiff was in contact with the Court at the prison facilities where he was confined at least through April 9, 2013, when he filed a notice of filing (Docket Entry 31). Unfortunately, as of April 30, 2013, certified mail being sent to the Plaintiff was returned as undeliverable with the notation that it was undeliverable (Docket Entry 35). The next certified mail sent to

the Plaintiff was returned with the notation "released" (Docket Entry 37).

Because of this problem the Magistrate Judge directed the Plaintiff to show cause within 21 days why the Magistrate Judge should not recommend that his case be dismissed for failure to prosecute and to obey Court orders (Docket Entry 38). This order sent by both regular and certified mail was returned again with notations indicating that the Plaintiff was released and not at the facility any longer (Docket Entries 40 and 41). As of the date of this Report and Recommendation more than 21 days have passed and the Plaintiff has remained out of contact with the Court.

## LEGAL DISCUSSION

A dismissal with or without prejudice is a drastic remedy, and before the Court contemplates dismissing an action under Rule 41(b), the Court must specifically consider:

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) where the less drastic sanctions were imposed or considered before dismissal was granted. *Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999).

The record reflects that the Plaintiff sent mail from the jail to the Court on April 8, 2013 (Docket Entry 31). It appears that all mail sent to the Plaintiff at the jail since that time has been returned with the notation that it is undeliverable or that the Plaintiff has been released.

3

The Plaintiff was forewarned at the outset of his case that failure to keep the Court apprised of a current address could jeopardize his case (Docket Entry 5). The Magistrate Judge provided the Plaintiff an additional 21 days to respond after it was noted that he was no longer at the jail. The Plaintiff has failed to provide the Court with a new address or in any way respond in this matter.

Under these circumstances the Magistrate Judge believes that a dismissal under Rule 41(b) is appropriate. A Court must be able to control its docket and to move the case toward resolution.

The Plaintiff is presently out of touch with the Court, has failed to respond to Court orders. Without a current address the Magistrate Judge is unable to establish a scheduling order and the Defendants are unable to undertake discovery regarding the Plaintiff's claims.

Having undertaken this lawsuit the Plaintiff is under an obligation to make reasonable efforts to prosecute and to obey the Court's clear directions. Under these circumstances the Magistrate Judge believes that the Plaintiff's conduct in failing to provide the Court with a current address, or to otherwise communicate in this matter, is willful conduct and constitutes bad faith.

The Magistrate Judge has considered less drastic sanctions, but under the circumstances does not believe that anything else is appropriate. Waiting an indefinite amount of time

to see if the Plaintiff ever decides to contact the Court is simply not a reasonable solution.

The Magistrate Judge therefore recommends that dismissal with prejudice is the appropriate remedy in this matter and, therefore, recommends that all claims be DISMISSED under Rule 41(b) for failure to prosecute and to obey Court orders.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 10th day of June, 2013.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge