```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION
```

ERNEST WASHINGTON,            )
                              )
        Plaintiff             )
                              )      No. 3:13-0113
v.                            )      Judge Campbell/Brown
                              )      **Jury Demand**
CCA, BLAIR LEIBACH,           )
and BOBBY AYLWARD,            )
                              )
        Defendants            )

## **O R D E R**

The Plaintiff has filed a motion for appointment of counsel (Docket Entry 63) and a motion for a speedy trial (Docket Entry 64).

The motion to appoint counsel (Docket Entry 63) is **DENIED**. The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Department of Social Services,* 452 U.S. 18, 25 (1981). Therefore, unlike criminal proceedings, there is no constitutional right to appointed counsel in a civil action. *Willett v. Wells*, 469 F.Supp. 748, 751 (E.D. Tenn. 1977).

The appointment of counsel for a civil litigant is a matter within the discretion of the District Court and will only occur under exceptional circumstances. *Lavado v. Kechane*, 992 F.2d 601 (6th Cir. 1993). In this instance, no such circumstances exist.

The motion for speedy trial (Docket Entry 64) is **GRANTED** in part and **DENIED** in part. As an initial matter there is no right to a speedy trial in civil cases as opposed to criminal cases. A good bit of the initial delay in this case was caused by the Plaintiff failing to keep a current address on file with the court. An initial case management order was entered in this case on July 22, 2013 (Docket Entry 54). That order provided that all written and deposition discovery would be completed on or before October 21, 2013. There was an additional provision that the Plaintiff would serve Rule 26 expert disclosures on or before November 20, 2013, and the Defendants would serve Rule 26 expert disclosures on or before December 20, 2013. Defendants are directed to notify the Magistrate Judge within **14 days** of the entry of this order whether there are expert disclosures by either side.

If no expert disclosures have been by either party, the Magistrate Judge believes that it would be appropriate to move the dispositive motion deadline from its current date of March 17, 2013, to **January 31, 2014**. Responses will be due **28 days** after any dispositive motion is filed, and optional replies, limited to **five pages**, will be due **14 days** after any responses.

Plaintiff is forewarned that dispositive motions must be responded to by the dates stated above unless an extension is granted by the Court, and failure to timely respond may result in the Court taking the facts alleged in the matter as true, and

granting the ruling requested. In responding, Plaintiff may not just rely on his complaint. Plaintiff must show that there is a material dispute of fact with a citation to the record, affidavits, or other matters of evidence. Plaintiff should read and comply with Federal Rules of Civil Procedure 56, and Local Rule 56.01.

The gist of the Plaintiff's complaint is that it is illegal for a convicted felon to work in the mail room and handle his mail. The Defendants in their theory of the case (Docket Entry 54) stated they intended filing summary judgment on at least three separate claims. Failure to exhaust administrative remedies, lack of liability by CCA on a *respondeat superior* theory, and a denial that the Defendants violated the Plaintiff's first amendment rights.

In his complaint and in his theory the Plaintiff alleges that it is illegal to have a convicted felon working in the mail room. The Plaintiff should be prepared at the appropriate time to show that there is such a law.

The District Judge has not at this point set a trial date in this matter. In the event that there is no expert reports, the Magistrate Judge believes that this case could be scheduled for trial on or after July 8, 2014.

The Plaintiff has also sent a letter to the court (Docket Entry 62). The court received a letter from the Plaintiff on December 6, 2013, asking for the status of his case against CCA and

copies of his complaint. The Clerk sent the Plaintiff a copy of the docket sheet. If the Plaintiff wishes a copy of his complaint he will need to make arrangements with the Clerk to pay the copying fee. While the Plaintiff is allowed to proceed in *forma pauperis*, this does not give him payments of copying fees.

It appears from Docket Entries 60 and 64 that Plaintiff's actual address is at the CCA facility, Post Office Box 196383. The Plaintiff, however, in Docket Entry 62, states that his address remains Dellaway Villa Apt. E-165, Nashville, TN 37207. Unless the Plaintiff anticipates an immediate release from CCA, the **Clerk** will continue to use the CCA address as shown on the return address of the envelope used in Docket Entries 60 through 62. The main phone number for the Clerk's office is 615-736-5498.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge